**E-FILED**
Monday, 01 March, 2010  03:23:18 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL J. MOORE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-1249** |
| | ) | |
| **DENNY SMITH, WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Before the Court is Petitioner Michael Moore's ("Moore") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Moore's Petition for Writ of Habeas Corpus [#2] is DENIED.

## BACKGROUND

On April 14, 2003, Moore was sentenced in the Circuit Court of Vermilion County, Illinois, to one year of conditional discharge for Driving After Suspension ("'02 case"). Moore was arrested by Vermilion County authorities and was charged, on April 22, 2003, with possession of a controlled substance and possession of a controlled substance with intent to deliver in violation of Illinois law ("'03 case"). On May 30, 2003, following the execution of a search warrant by Vermilion Metropolitan Enforcement Group agents at Moore's residence, where they found quantities of cocaine base, state authorities arrested Moore and he was released five hours later. On September 5, 2003, Moore was again arrested by state authorities, and his bond was revoked in the '02 and '03 cases. On March 18, 2004, Moore was sentenced to 364

1

days for a supervised release violation in the '02 case, with 195 days of prior-custody credit.[1]

On August 12, 2004, Moore was temporarily released from state custody pursuant to a federal writ to the U.S. Marshals for sentencing on the federal offense of possession of crack with intent to distribute. The U.S. District Court for the Central District of Illinois sentenced him to 140 months of imprisonment for Possession of Five Grams or More of Cocaine Base with Intent to Distribute. The Judgment was silent as to its relationship to any other sentence imposed against Moore. That same day, Moore was returned to state custody and placed in the Vermilion County jail. Four days later, on August 16, 2004, Moore was sentenced to 4 years confinement for Possession of a Controlled Substance by the Circuit Court of Vermilion County as a result of his April 18, 2003, offense. The Vermilion County Court ordered that the 4-year sentence run concurrently with Moore's federal sentence.

On February 16, 2006, Moore was released from the Vermilion County jail on parole and taken into federal custody pursuant to a federal detainer. The Bureau of Prisons ("BOP") calculated his sentence based on a 140-month term beginning on February 16, 2006, giving him one day of prior-custody credit for his state arrest on May 30, 2003.[2] On October 9, 2008, the U.S. District Court reduced Moore's sentence to 120 months as a result of a subsequent lowering

---

[1] In his Petition, Moore states that the BOP is incorrect about a 364 day sentence ordered on March 18, 2004, in his '02 case, but fails to explain why the BOP is incorrect. Respondent has attached the '02 case history from Vermilion County which states that "Deft is sentenced to 364 days PSB, credit for 195 time served."

[2] The BOP initially applied prior-custody credit to Moore's federal sentence for the period between September 5, 2003, and March 17, 2004, the day before he was sentenced in the '02 case. However, that credit was removed after the BOP verified that the time had already been applied toward his '02 case sentence of 364 days. The May 30, 2003, time in custody had not already been credited toward his state sentence.

of the guideline sentencing range.  The reduction meant Moore's projected release date would be November 24, 2014.

Moore requested credit toward his federal sentence for the time he spent in state custody pursuant to *Barden v. Keohane*.  921 F.2d 476, 483 (3d Cir. 1990) (prisoner entitled to have his application considered by the BOP for *nunc pro tunc* designation of the state facility as a place of confinement for purposes of his federal sentence).  As a result of his request, the BOP wrote to the U.S. District Judge that imposed the sentence, asking whether the Court intended Moore's state and federal sentences to run concurrently.  The District Judge replied that he would deny Moore credit towards his federal sentence for the time spent in state custody based upon 18 U.S.C. § 3585(b), and the Seventh Circuit's holding in *Romandine v. United States of America*. 206 F.3d 731, 737-38 (7th Cir. 2000) (federal judge "cannot make his sentence concurrent to nonexistent sentences that some other tribunal may or may not impose").  The BOP then reviewed the factors in 18 U.S.C. § 3621(b) and concluded that concurrent designation was not appropriate in Moore's case.

Moore has now filed this Petition challenging the BOP's refusal to credit him the 18 months he spent in state confinement between the dates of his federal sentencing and release into BOP custody.  This Order follows.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).  The writ of habeas corpus may be granted where the defendant is in custody in violation of the

3

Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).

Moore contends that when the state sentenced him on August 16, 2004, to 4 years confinement to run concurrently with his federal sentence, the state relinquished its primary jurisdiction, giving the BOP primary custody over him.  He concludes that his federal sentence commenced on August 12, 2004, the BOP left him in state custody between that date and February 16, 2006, and so he must be credited toward his federal sentence for every day he served in state custody after August 12, 2004 (18 months).  Respondent correctly notes that one issue that must be examined is the date on which Moore's federal sentence commenced.

18 U.S.C. § 3585(a) states:

(a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

"Unless there is a statutory provision, or a provision in the judgment as entered, that the service shall begin at a specified time, service begins when the prisoner is delivered into the custody of the officer at the prison where the sentence is to be served."  *Hynes v. United States*, 35 F.2d 734, 735 (7th Cir. 1929); *Thomas v. Whalen*, 962 F.2d 358, 364 (4th Cir. 1992) (prisoner's federal sentence commenced on the date he was received at the penitentiary for service of his federal sentences); *see also Roche v. Sizer*, 675 F.2d 507, 510 (2d Cir. 1982) (where state had primary jurisdiction over petitioner following his federal sentencing, his federal sentence commenced on the day he was released from state custody and delivered to the Federal Correctional Institution to commence his federal sentence).

A prisoner remains in the primary custody of the state, when detained in a federal facility under a *writ of habeas corpus ad prosequendum*, until the state relinquishes jurisdiction over

4

him.  *Easley v. Stepp*, 5 F. App'x 541, 542 (7th Cir. 2001); *Jake v. Herschberger*, 173 F.3d 1059, 1065 (7th Cir. 1999).  A state may "lend" a prisoner to the federal government without waiving jurisdiction over him.  *U.S. ex rel. Moses v. Kipp*, 232 F.2d 147, 150 (7th Cir. 1956) (internal citation ommitted); *U.S. ex rel. Lombardo v. McDonnell*, 153 F.2d 919, 920 (7th Cir. 1946) (principles of comity provided that where Illinois first acquired jurisdiction over the prisoner, it was entitled to retain him in custody until he had finished his state sentence); *and Fisher v. Holinka*, 323 F. App'x 451, 453 (7th Cir. 2009) (citing *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989)) ("sending state retains full jurisdiction over the prisoner since the prisoner is only 'on loan' to the prosecuting jurisdiction").

Here, Moore continues to argue that the State of Illinois relinquished its primary jurisdiction over him, and that the BOP simply refused to accept custody of him during the 18 months following his federal sentencing.  Illinois only loaned Moore to the federal government for purposes of sentencing on August 12, 2004, and it did not relinquish primary jurisdiction over him when he was sentenced on August 16, 2004, to a state term to run concurrently with his federal term.  The State of Illinois did not relinquish jurisdiction over Moore until February 16, 2006, the date he was paroled from his state sentence.[3]  He is not entitled to 18 months of credit toward his federal sentence for the time he spent in state custody where the state retained primary jurisdiction over him.  Therefore, Moore's federal sentence commenced on February 16, 2006, when he was taken into federal custody pursuant to a federal detainer issued that same day.

---

[3] To the extent that Moore additionally alleges the BOP incorrectly left him in state custody so that he should be credited the 18 months spent there, the circumstances of his case do not warrant that result.  During those 18 months, Illinois retained primary jurisdiction over Moore while he served his state sentence.  The evidence in the record does not show he was improperly "left" in state custody by the BOP.

Moore disputes that he was only borrowed by the federal authorities for sentencing on August 12, 2004.  He argues that because his federal Judgment states that he was "committed" to the custody of the BOP, that the District Court recommended Moore be housed in the Midwest for family visitation, and that he was remanded to the custody of the U.S. Marshal, he was not merely borrowed by the federal authorities.  That language in the Judgment is standard, and does not otherwise contradict the fact that Moore remained within the primary jurisdiction of the state.[4]

Respondent next discusses the prior custody credit to which Moore was entitled under 18 U.S.C. § 3585(b).  However, Moore has consistently limited his § 2241 petition to whether he is entitled to credit for the 18 months he served in state custody between August 12, 2004, and February 16, 2006.  In a footnote, he states that Respondent erroneously argues about jail credit and that Moore has conceded to receiving all jail credits before sentencing.  Moore's Reply, p.2, n.1.  Therefore, the Court will not address that issue further, as Moore has conceded to receiving the correct amount of presentence credit.  The Court additionally notes Moore's argument under Federal Rule of Criminal Procedure 35(a) is erroneous.  At the time of Moore's sentencing, Rule 35(a) provided that a court may correct a sentence that resulted from arithmetical, technical, or other clear error within 7 days of sentencing.  No such error occurred here, and the fact that the Government did not appeal his federal sentence is irrelevant to the issue before the Court. Ultimately, the district judge could not have ordered the sentence to be served concurrently with

---

[4] Moore takes his argument one step further, arguing that the Judgment language suggests the BOP relinquished its jurisdiction over him as well.  This argument is frivolous and the Court will not address it.

a state sentence that did not yet exist, as the district judge explained to the BOP.  *See*

*Romandine*, 206 F.3d at 737-38.

## CONCLUSION

For the reasons set forth above, Moore's § 2241 Petition [#2] is DENIED.  This matter is

now TERMINATED.

ENTERED this 1st day of March, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge